1  Dana B. Taschner, Esq., SBN 135494
   dbt@lanierlawfirm.com
2  Lee A. Cirsch, Esq., SBN 227668
3  lec@lanierlawfirm.com
   LANIER LAW FIRM
4  2049 Century Park East, Suite 1940
5  Los Angeles, CA 90067
   Ph: (310) 277-5100
6  Fax: (310) 277-5103
7
   W. Mark Lanier
8  wml@lanierlawfirm.com
9  LANIER LAW FIRM, PC
   6810 FM 1960 West
10 Houston, Texas 77069
11 Phone: (713) 659-5200
12 Fax: (713) 659-2204

13
   Attorneys for Plaintiff MAURICE BRIGHAM,
14 and all others similarly situated

**FILED**

AUG 3 0 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*EMC*

**CV 1 0    3886**

15

16          **UNITED STATES DISTRICT COURT**

17      **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

18              **SAN FRANCISCO DIVISION**

19

20 MAURICE BRIGHAM, individually      ) **CLASS ACTION COMPLAINT**
   and on behalf of all others similarly ) **FOR:**
21 situated,                           ) **1) NEGLIGENCE;**
                                       ) **2) STRICT PRODUCTS**
22                                     )    **LIABILITY**
                                       )    **(MANUFACTURING DEFECT);**
23         Plaintiffs,                 ) **3) STRICT PRODUCTS**
                                       )    **LIABILITY (DESIGN DEFECT);**
24    vs.                              ) **4) STRICT PRODUCTS**
                                       )    **LIABILITY (INADEQUATE**
25                                     )    **WARNING);**
   DEPUY ORTHOPAEDICS, INC., an        ) **5) STRICT PRODUCTS**
26 Indiana Corporation; JOHNSON &      )    **LIABILITY (FAILURE TO**
                                       )    **CONFORM TO**
27 JOHNSON SERVICES, INC., a New       )    **REPRESENTATIONS);**
   Jersey Corporation; and DOES 1-100, ) **6) STRICT PRODUCTS**
28 inclusive,                          )    **LIABILITY (FAILURE TO**
                                       )    **ADEQUATELY TEST);**

**Class Action Complaint**

- 1 -

Defendants.

)  **7) BREACH OF EXPRESS WARRANTY;**
)  **8) BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY;**
)  **9) FRAUDULENT CONCEALMENT;**
)  **10) INTENTIONAL MISREPRESENTATION;**
)  **11) NEGLIGENT MISREPRESENTATION; AND**
)  **12) UNLAWFUL, UNFAIR AND FRAUDULENT BUSINESS PRACTICES IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *ET SEQ.***
)
)
)  **DEMAND FOR JURY TRIAL**
)
)

Plaintiff MAURICE BRIGHAM ("Plaintiff"), individually and on behalf of a class of similarly situated persons, alleges on information and belief against DEPUY ORTHOPAEDICS, INC., JOHNSON & JOHNSON SERVICES, INC., and DOES 1-100, INCLUSIVE, ("Defendants"), the following:

## I.

## INTRODUCTION AND SUMMARY OF ACTION

1.    For more than two years, Defendants have known that their hip replacement devices – the ASR XL Acetabular System and ASR Hip Resurfacing Platform (collectively, "ASR Hip Implant Devices") – are prone to fail within approximately two years of implantation despite the fact that such hip implant devices are supposed to last more than fifteen years.  They have also known that the implant's metal "ball" and "socket" bearings that make up the hip-joint generate metal debris over time from wear and tear that can spread throughout the patient's surrounding bone and tissue.  As a result of these defects, patients that have had the devices implanted have endured, or will endure, unnecessary pain and

**Class Action Complaint**

- 2 -

1  suffering; debilitating lack of moblity; inflammation causing damage or death to
2  surrounding tissue and bone; and a subsequent more difficult revision surgery to
3  replace the faulty devices giving rise to more debilitation, a prolonged recovery
4  time, and an increased risk of complications and death from surgery. But rather
5  than immediately recalling the ASR Hip Implant Devices upon first receiving
6  notice in 2008 of complaints made to the F.D.A. of the defects discussed above,
7  Defendants continued to aggressively market the ASR Hip Implant Devices,
8  claiming that that they were a safe and effective hip replacement system.

9      2.      Plaintiff's suffering could easily have been prevented. Plaintiff and
10  those like him would not have suffered from unnecessary pain and debilitation, and
11  the need to undergo subsequent revision surgery had Defendants warned the public
12  of the dangers of the ASR Hip Implant Devices in 2007 when dozens of
13  complaints began being made to the F.D.A. regarding the device's failures. Or,
14  even better, had Defendants taken the affirmative step of recalling the ASR Hip
15  Implant Devices at that time, as opposed to more than three years later. But
16  Defendants' recent recall of these devices has come too late for thousands of
17  Americans, including Plaintiff, who will now live with the consequences of these
18  faulty devices for years, if not the rest of their lives. Plaintiff, on behalf of himself
19  and those similarly situated, seeks redress for his injuries.

## II.

## PARTIES

23      3.      Plaintiff MAURICE BRIGHAM is, and at all times relevant to this
24  Complaint was, a resident of San Bruno, California.

25      4.      Defendant DEPUY ORTHOPAEDICS, INC. is, and at all times
26  relevant to this Complaint was, an Indiana Corporation with its principal place of
27  business at 700 Orthopaedic Drive, Warsaw, Indiana 46581. Defendant DEPUY
28  ORTHOPAEDICS, INC. is and was at all times relevant herein doing business in

1  and/or having directed its activities at California, and specifically this judicial
2  district.

3      5.    Defendant JOHNSON & JOHNSON SERVICES, INC. is, and at all
4  times relevant to this Complaint was, a New Jersey Corporation with its principal
5  place of business at One Johnson & Johnson Plaza, New Brunswick, New Jersey
6  08933. Defendant JOHNSON & JOHNSON SERVICES, INC. is and was at all
7  times relevant herein doing business in and/or having directed its activities at
8  California, and specifically this judicial district.

9      6.    Plaintiff is unaware of the true names and capacities, whether
10  individual, corporate, associate, or otherwise, of defendants DOES 1-100,
11  inclusive, or any of them, and therefore sues these Defendants, and each of them,
12  by such fictitious names. Plaintiff will seek leave of this Court to amend this
13  complaint when the status and identities of these Defendants are ascertained.

14      7.    At all times relevant herein, Defendants were the agents of each other,
15  and in doing the things alleged herein, each defendant was acting within the course
16  and scope of its agency and was subject to and under the supervision of its co-
17  defendants.

18                                    **III.**

19          **JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

20      8.    This Court has original jurisdiction pursuant to 28 U.S.C. §
21  1332(d)(2)(A). The amount in controversy in this class action is well over
22  $5,000,000, and the class includes residents of potentially all fifty states, plus the
23  District of Columbia. Defendants reside, or have their primary places of business,
24  in Indiana and New Jersey.

25      9.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a). A
26  substantial portion of the events and omissions giving rise to this lawsuit occurred
27  in this District, and the Court has personal jurisdiction over each of the parties as
28  alleged throughout this Complaint.

**Class Action Complaint**

- 4 -

10.    Assignment is proper in this division under Civil L.R. 3-2 (c) and (d), because a substantial part of the events giving rise to the claims occurred in San Francisco County.

## IV.

## FACTUAL ALLEGATIONS

**A.    DEFENDANTS MANUFACTURED AND MARKETED THE ASR HIP IMPLANT DEVICES TO THE PUBLIC, EVEN THOUGH THEY KNEW OR SHOULD HAVE KNOWN OF THE DANGER THAT THE ASR HIP IMPLANT DEVICES POSED TO THE PUBLIC.**

11.    The ASR Hip Implant Devices were developed in order to reconstruct human hip joints that are diseased due to conditions such as osteoarthritis, rheumatoid arthritis, avascular necrosis (AVN), or fracture. The hip joint connects the thigh (femur) bone of a patient's leg to the patient's pelvis. The hip joint is like a ball that fits in a socket. The socket portion of the hip is called the acetabulum. The femoral head at the top of the femur bone rotates within the curved surface of the acetabulum.

12.    The ASR XL Acetabular System is made up of three components: the metal femoral stem is inserted inside the femur, the metal femoral head (or ball) connects to the stem and then fits inside the metal acetabulum cup (socket). The ASR Hip Resurfacing Platform has two components: a metal cap is placed over the natural femoral head (or ball) and the acetabulum is replaced with the metal acetabulum cup (socket). Once implanted, these devices are supposed to last for an average of about 15 or more years before requiring replacement.

13.    Defendants aggressively marketed the ASR Hip Replacement Devices as having many advantages over other hip replacement or hip resurfacing systems. Defendants described the ASR Hip Replacement Devices as a "high performance hip replacement" and advertised it with pictures of a young woman running on a sandy beach, and a man taking a very aggressive golf swing.

1 Defendants advertised the ASR Hip Replacement Devices as superior devices as
2 the bone in the hip socket was preserved, the hip replacement was subject to
3 reduced wear, the hip replacement matched the hip's natural anatomy, the surgery
4 only required a small incision, and the device was based on a strong clinical
5 history.

6      14.    Defendants further advertised the ASR Hip Replacement Devices as
7 a superior option "[i]f you have gradually stopped doing the things you enjoy or
8 are adapting your life to cope with reduced mobility hip replacement surgery may
9 be appropriate for you." Defendants further stated that "[f]ortunately, today's
10 advanced techniques and technologies have revolutionized hip replacements. That
11 means more patients can consider treatments at an earlier stage than they could in
12 the past, potentially allowing them to return to their more active lifestyles."

13      15.    Contrary to Defendants' marketing campaigns, for more than two
14 years Defendants have known that the ASR Hip Implant Devices were failing
15 early and therefore causing harm in a high number of patients that received the
16 devices. Specifically, for more than two years, the F.D.A. has been receiving
17 complaints that the devices failed early in some patients due to component
18 loosening, component malalignment, dislocation, and fracture, due to the design
19 of the devices. In addition, reports were received that the implant's "ball" and
20 "socket" that make up the hip-joint – which are both metal bearings – generate
21 metal debris over time from wear which can spread throughout the surrounding
22 bone and tissue and cause severe inflammation and damage. Indeed, since the
23 start of 2008, the F.D.A. has received approximately 400 complaints involving
24 patients in the United States that received the devices, with a substantial number
25 of these patients requiring complicated, expensive and painful revision surgeries
26 with a prolonged recovery time.

27      16.    Notwithstanding these complaints, Defendants neither halted sales of
28 the ASR Hip Implant Devices, nor warned the public until very recently. Instead,

**Class Action Complaint**

- 6 -

1 throughout 2008 and 2009 they aggressively marketed the ASR Hip Implant
2 Devices as a safe and effective hip replacement device even though they were on
3 notice of the high number of complaints received by the F.D.A. Only in the last
4 quarter of 2009 did Defendants react by deciding to stop sales of the devices due
5 to decreased demand.

6     17. However, faced with even more data regarding the dangers of ASR
7 Hip Implant Devices, several months later in late August, 2010, Defendants took
8 the extra step of issuing a voluntary recall of the ASR Hip Implant Devices after
9 "new" data was released confirming the already known dangers of the devices,
10 and corroborating the many complaints received by the F.D.A. from physicians
11 and patients years earlier.

12     18. The data relied on for the recall includes British studies released in
13 March 2010 showing that metal-on-metal implants, such as the ASR Hip Implant
14 Devices, are potentially dangerous because they can generate large amounts of
15 metallic debris as they wear over time. The metallic debris has been shown to
16 cause severe inflammatory responses in some patients that cause pain in the groin,
17 and death of tissue in the hip joint and loss of surrounding bone, requiring a
18 revision surgery to replace the device soon after implant instead of the 15 or more
19 years artificial hips are supposed to last.

20     19. The other source is unpublished data from the National Joint Registry
21 (NJR) of England and Wales. The NJR data shows the five year revision rate for
22 the ASR Hip Resurfacing System is approximately 12 percent, and is
23 approximately 13 percent for the ASR XL Acetabular System. Defendants
24 acknowledge that under generally accepted standards, no more than 5 percent of
25 patients should have a revision surgery within five years of implantation. The
26 data released from the NJR shows that the ASR Hip Implant Devices had a
27 revision rate almost three times that of the generally accepted standards.

28

**Class Action Complaint**

20.     Many surgeons have acknowledged that the culprit for the high number of revision surgeries is due to the design of the acetabulum metal cup which is shallower than other competitor's cups on the market.  It is this shallower design which presents a challenge for properly implanting the device which can lead to problems such as loosening of the device, malalignment of the device, and fracture of the device from the bone, all of which can cause severe infection and inflammation in patients.

21.     As a result of the issues with the ASR Hip Implant Devices, Plaintiffs have suffered symptoms including pain, swelling, inflammation and damage to surrounding bone and tissue, and partial or complete lack of mobility.  As noted above, these symptoms are the result of possible loosening of the implant, where the implant does not stay attached to the bone in the correct position; fracture, where the bone around the implant may have broken; dislocation, where two parts of the implant that move against each other are no longer aligned; or the spread of metal debris from the metal femur head and metal acetabulum cup from rubbing and rotating against each other.  For these reasons, revision surgeries have been necessary to remove the faulty ASR Hip Implant Device.  However, these revision surgeries present enormous risks to patients because they are technically more difficult than the original implant surgery, the patient is more at risk of complications and death, and the recovery is more prolonged than the original hip replacement surgery.

**B.      AS A DIRECT AND PROXIMATE RESULT OF DEFENDANTS' FAILURE TO RECALL THE HIP IMPLANT DEVICES EARLIER, PLAINTIFF RECEIVED A HIP IMPLANT DEVICE, AND NOW HAS SUFFERED DEBILITATING PAIN AND THE NEED FOR MULTIPLE REVISION SURGERIES TO REPLACE THE IMPLANT.**

1     22.   Plaintiff is a 50 year old male that was employed as an equipment
2 operator. However, he is currently unable to work due to his defective ASR Hip
3 Implant Device.

4     23.   In 2007, Plaintiff underwent hip replacement surgery. An ASR XL
5 Acetabular System was implanted on both sides of his body.

6     24.   Since the surgical implantation of the ASR XL Acetabular Systems,
7 Plaintiff has suffered symptoms including but not limited to pain, swelling,
8 inflammation, infection, and damage to surrounding bone and tissue, and lack of
9 mobility. As a result, in August 2010, Plaintiff required surgery to remove one of
10 the ASR XL Acetabular Systems which was causing his pain and infection.
11 However, due to severe infection of the surrounding tissue and bone, no
12 replacement device has been implanted since the explant surgery. Thus, Plaintiff
13 is currently bedridden and unable to walk unless and until he receives a suitable
14 replacement.

15     25.   Had Plaintiff known that the ASR XL Acetabular System caused
16 pain, swelling, inflammation, infection, and damage to surrounding bone and
17 tissue, problems walking, and the need for a revision surgery to explant the
18 device, Plaintiff would not have elected to have had the ASR XL Acetabular
19 System implanted.

20     26.   As a direct and proximate result of the implantation of ASR XL
21 Acetabular System, Plaintiff has suffered significant harm, including but not
22 limited to physical injury and bodily impairment, debilitating lack of mobility,
23 conscious pain and suffering, and loss of earnings. In addition, because of the
24 faulty nature of the ASR XL Acetabular System, Plaintiff was required to undergo
25 revision surgery to explant the faulty ASR XL Acetabular System. Because of
26 infection to the area, no replacement device was able to be implanted at that time.
27 Thus, once the infection hopefully resolves, Plaintiff will be required to undergo
28 another surgery to implant the replacement device which will present an enormous

**Class Action Complaint**

1  risk to Plaintiff because it will be technically more difficult than the original
2  implant surgery, there is an increased risk of complications and death, and the
3  recovery will be more prolonged than the original hip replacement surgery. As a
4  result, Plaintiff will continue to suffer damages in the future.

## V.

## CLASS ACTION ALLEGATIONS

7      27.    Plaintiff brings this class action pursuant to Federal Rules of Civil
8  Procedure 23(a) and 23(b). Plaintiff, who has suffered injury in fact and loss of
9  money or property as a result of the illegal business practices of Defendants, brings
10  the action on behalf of the following Class of persons:

11      All persons who underwent hip replacement surgery and had an ASR
12      XL Acetabular System or an ASR Hip Resurfacing Platform, or any
13      component thereof, surgically implanted.

14      28.    Excluded from the Class are Defendants, their employees, officers and
15  agents, and any person who is acting, or has acted, as counsel for any of the
16  Defendants.

17      29.    The Class, which consists of thousands of individuals, is so numerous
18  that joinder is impractical. Moreover, the burden and expense of individual
19  litigation would make it impossible for most Class Members to obtain redress for
20  the wrongs done by Defendants.

21      30.    There are numerous questions of law and fact common to this Class,
22  including but not limited to the following:

23      a.    Whether Defendants manufactured the ASR Hip Implant Devices and
24          marketed them as a safe and effective hip replacement device when
25          they knew or should have known that the ASR Hip Implant Devices
26          were faulty and would give rise to pain, swelling, inflammation and
27          damage to surrounding muscle and tissue, and an inability to walk,

28

**Class Action Complaint**

- 10 -

1 and would require a subsequent revision surgery within less than five
2 years of implantation to replace the device;

3 b. Whether Defendants were negligent in manufacturing and marketing
4 ASR Hip Implant Devices when they knew or should have known of
5 the danger of that the ASR Hip Implant Devices were faulty and
6 would give rise to pain, swelling, inflammation and damage to
7 surrounding muscle and tissue, and an inability to walk, and would
8 require a subsequent revision surgery within less than five years of
9 implantation to replace the device;

10 c. Whether Defendants were strictly liable for manufacturing defects in
11 the ASR Hip Implant Devices, including but not limited to defects that
12 resulted in pain, swelling, inflammation and damage to surrounding
13 muscle and tissue, and the inability to walk, and would require a
14 subsequent revision surgery within less than five years of implantation
15 to replace the device;

16 d. Whether Defendants were strictly liable for design defects in the ASR
17 Hip Implant Devices, including but not limited to defects that resulted
18 in pain, swelling, inflammation and damage to surrounding muscle
19 and tissue, and the inability to walk, and would require a subsequent
20 revision surgery within less than five years of implantation to replace
21 the device;

22 e. Whether Defendants were strictly liable for failing to warn the public
23 about the dangers of the ASR Hip Implant Devices, including but not
24 limited to the dangers from pain, swelling, inflammation and damage
25 to surrounding muscle and tissue, and the inability to walk, and the
26 need for a subsequent revision surgery within less than five years of
27 implantation to replace the device with an increased risk of
28 complications or death resulting from such revision surgery;

**Class Action Complaint**

- 11 -

f.    Whether Defendants were strictly liable for the failure of the ASR Hip
      Implant Devices to conform to representations Defendants made about
      the ASR Hip Implant Devices, including but not limited to
      Defendants' numerous claims that the ASR Hip Implant Devices were
      safe and effective hip replacement devices;

g.    Whether Defendants were strictly liable for their failure to test the
      ASR Hip Implant Devices adequately before marketing them;

h.    Whether Defendants breached express warranties by manufacturing
      and marketing the ASR Hip Implant Devices when they knew or
      should have known about the dangers of the ASR Hip Implant
      Devices, including but not limited to the dangers from pain, swelling,
      inflammation and damage to surrounding muscle and tissue, and the
      inability to walk, and the need for a subsequent revision surgery
      within less than five years of implantation to replace the device with
      an increased risk of complications or death resulting from such
      revision surgery;

i.    Whether Defendants breached the implied warranty of
      merchantability by manufacturing and marketing the ASR Hip
      Implant Devices when they knew or should have known about the
      dangers of the ASR Hip Implant Devices, including but not limited to
      the dangers from pain, swelling, inflammation and damage to
      surrounding muscle and tissue, and the inability to walk, and the need
      for a subsequent revision surgery within less than five years of
      implantation to replace the device with an increased risk of
      complications or death resulting from such revision surgery;

j.    Whether Defendants fraudulently concealed the causal connection
      between ASR Hip Implant Devices and the dangers of the ASR Hip
      Implant Devices, including but not limited to the dangers from pain,

**Class Action Complaint**

swelling, inflammation and damage to surrounding muscle and tissue, and the inability to walk, and the need for a subsequent revision surgery within less than five years of implantation to replace the device with an increased risk of complications or death resulting from such revision surgery;

k.  Whether Defendants intentionally misrepresented to the public their knowledge of the effects of the ASR Hip Implant Devices, including but not limited to their knowledge that the ASR Hip Implant Devices could give rise to pain, swelling, inflammation and damage to surrounding muscle and tissue, and the inability to walk, and could require that a patient have a subsequent revision surgery within less than five years of implantation to replace the device with an increased risk of complications or death resulting from such revision surgery;

l.  Whether Defendants negligently misrepresented to the public their knowledge of the effects of the ASR Hip Implant Devices, including but not limited to their knowledge that the ASR Hip Implant Devices could give rise to pain, swelling, inflammation and damage to surrounding muscle and tissue, and the inability to walk, and could require that a patient have a subsequent revision surgery within less than five years of implantation to replace the device with an increased risk of complications or death resulting from such revision surgery;

m.  Whether Defendants engaged in unlawful, unfair, and fraudulent business practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, by manufacturing and marketing the ASR Hip Implant Devices when they knew or should have known that the ASR Hip Implant Devices could give rise to pain, swelling, inflammation and damage to surrounding muscle and tissue, and the inability to walk, and could require that a patient have a subsequent revision surgery within less

1        than five years of implantation to replace the device with an increased

2        risk of complications or death resulting from such revision surgery;

3        and

4    n.    The nature and extent of the damages, injunctive relief, and other

5        equitable relief to which Plaintiffs and other Class Members are

6        entitled.

7    31.    The claims of the named Plaintiff are typical of the claims of the class.

8    32.    Plaintiff will fairly and adequately protect the interests of the class.

9 Plaintiff has retained a law firm renowned for its experience and skill in litigating

10 complex class actions, including pharmaceutical and medical device cases. Indeed,

11 the firm has more than a decade of experience in hip implant replacement cases. In

12 2001, attorneys from the firm represented hundreds of people who faced a revision

13 surgery to remove defective Inter-Op brand hip replacement implants sold by

14 Sulzer Orthopaedics which resulted in a nationwide settlement of $1.2 billion for

15 patients.

16    33.    Plaintiff has no interests adverse to those of other Class Members.

17    34.    Plaintiff does not expect difficulty in managing this lawsuit as a class

18 action, ascertaining a class, or identifying individual Class Members.

19    35.    Plaintiff reserves the right to amend or modify the class description

20 with greater specificity or to seek certification of subclasses.

### VI.

### CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

### NEGLIGENCE

### (Against All Defendants)

26    36.    Plaintiff incorporates by reference, as if fully set forth herein, each

27 and every allegation set forth in the preceding paragraphs and further alleges as

28 follows:

**Class Action Complaint**

- 14 -

37.     Defendants had a duty to exercise reasonable care in the design, manufacture, testing, marketing and distribution into the stream of commerce of the ASR Hip Implant Devices, including a duty to insure that the ASR Hip Implant Devices did not pose a significantly increased risk of adverse events.

38.     Defendants failed to exercise reasonable care in the design, manufacture, testing, marketing and distribution into the stream of commerce of the ASR Hip Implant Devices. Defendants knew or should have known that the ASR Hip Implant Devices could fail early in patients therefore giving rise to pain and suffering, debilitation, and the need for a revision surgery to replace the device with the attendant risks of complications and death from such further surgery, and therefore was not safe for use by Plaintiff or Class Members.

39.     Despite the fact that Defendants knew or should have known that the ASR Hip Implant Devices could fail early in patients therefore giving rise to pain and suffering, debilitation, and the need for a revision surgery to replace the device with the attendant risks of complications and death from such further surgery, Defendants continued to market the ASR Hip Implant Devices as a safe and effective hip replacement systems.

40.     As a direct and proximate result of Defendants' negligence, Plaintiff has suffered significant damages, including but not limited to physical injury, economic loss, pain and suffering, and the need for further surgery to replace the faulty device, and will continue to suffer such damages in the future.

41.     In taking the actions and omissions that caused these damages, Defendants were guilty of malice, oppression and fraud, and Plaintiff is therefore entitled to recover punitive damages.

## SECOND CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY (MANUFACTURING DEFECT)
### (Against All Defendants)

**Class Action Complaint**

- 15 -

42.   Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

43.   Defendants designed, manufactured, tested, marketed and distributed into the stream of commerce the ASR Hip Implant Devices.

44.   The ASR Hip Implant Devices that were surgically implanted in Plaintiff and Class Members were defective in their manufacture when they left the hands of Defendants in that they deviated from product specifications, posing a serious risk that they could fail early in patients therefore giving rise to physical injury, pain and suffering, debilitation, and the need for a revision surgery to replace the device with the attendant risks of complications and death from such further surgery.

45.   As a direct and proximate result of Defendants' placement of the defective ASR Hip Implant Devices into the stream of commerce, Plaintiff has suffered significant damages, including but not limited to physical injury, economic loss, pain and suffering, and the need for further surgery to replace the faulty device, and will continue to suffer such damages in the future.

46.   In taking the actions and omissions that caused these damages, Defendants were guilty of malice, oppression and fraud, and Plaintiff is therefore entitled to recover punitive damages.

## THIRD CAUSE OF ACTION
### STRICT PRODUCTS LIABILITY (DESIGN DEFECT)
#### (Against All Defendants)

47.   Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

48.     Defendants designed, manufactured, tested, marketed and distributed into the stream of commerce the ASR Hip Implant Devices.

49.     The ASR Hip Implant Devices that were surgically implanted in Plaintiff and Class Members were defective in their design when they left the hands of Defendants in that their design was flawed thereby posing a serious risk that the device could fail early in patients therefore giving rise to physical injury, pain and suffering, debilitation, and the need for a revision surgery to replace the device with the attendant risks of complications and death from such further surgery.

50.     As a direct and proximate result of Defendants' placement of the defective ASR Hip Implant Devices into the stream of commerce, Plaintiff has suffered significant damages, including but not limited to physical injury, economic loss, pain and suffering, and the need for further surgery to replace the faulty device, and will continue to suffer such damages in the future.

51.     In taking the actions and omissions that caused these damages, Defendants were guilty of malice, oppression and fraud, and Plaintiff is therefore entitled to recover punitive damages.

## FOURTH CAUSE OF ACTION
### STRICT PRODUCTS LIABILITY (INADEQUATE WARNING)
### (Against All Defendants)

52.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

53.     Defendants designed, manufactured, tested, marketed and distributed into the stream of commerce the ASR Hip Implant Devices.

54.     The ASR Hip Implant Devices placed into the stream of commerce by Defendants were defective due to inadequate warning, because Defendants

1 knew or should have known that the ASR Hip Implant Devices could fail early in
2 patients therefore give rise to physical injury, pain and suffering, debilitation, and
3 the need for a revision surgery to replace the device with the attendant risks of
4 complications and death from such further surgery, but failed to give consumers
5 adequate warning of such risks. Further, the ASR Hip Implant Devices placed
6 into the stream of commerce by Defendants were surgically implanted in a manner
7 reasonably anticipated by Defendants.

8    55.    As a direct and proximate result of Defendants' placement of the
9 defective ASR Hip Implant Devices into the stream of commerce, Plaintiff has
10 suffered significant damages, including but not limited to physical injury,
11 economic loss, pain and suffering, and the need for further surgery to replace the
12 faulty device, and will continue to suffer such damages in the future.

13    56.    In taking the actions and omissions that caused these damages,
14 Defendants were guilty of malice, oppression and fraud, and Plaintiff is therefore
15 entitled to recover punitive damages.

16

17                        **FIFTH CAUSE OF ACTION**
18       **STRICT PRODUCTS LIABILITY (FAILURE TO CONFORM TO**
19                        **REPRESENTATIONS)**
20                        **(Against All Defendants)**

21    57.    Plaintiff incorporates by reference, as if fully set forth herein, each
22 and every allegation set forth in the preceding paragraphs and further alleges as
23 follows:

24    58.    Defendants designed, manufactured, tested, marketed and distributed
25 into the stream of commerce the ASR Hip Implant Devices.

26    59.    Defendants made representations to consumers regarding the
27 character or quality of ASR Hip Implant Devices, including but not limited to
28 statements that the ASR Hip Implant Devices were a safe and effective hip

1  replacement systems. For example, Defendants claimed that the device was based
2  on a "strong clinical history", and that the devices would allow patients to "return
3  to their more active lifestyles."

4      60.    The ASR Hip Implant Devices placed into the stream of commerce
5  by the Defendants were defective in that, when they left the hands of the
6  Defendants, they did not conform to Defendants' representations.

7      61.    Plaintiff justifiably relied upon Defendants' representations regarding
8  the ASR Hip Implant Devices.

9      62.    As a direct and proximate result of Defendants' placement of the
10 defective ASR Hip Implant Devices into the stream of commerce, Plaintiff has
11 suffered significant damages, including but not limited to physical injury,
12 economic loss, pain and suffering, and the need for further surgery to replace the
13 faulty device, and will continue to suffer such damages in the future.

14     63.    In taking the actions and omissions that caused these damages,
15 Defendants were guilty of malice, oppression and fraud, and Plaintiff is therefore
16 entitled to recover punitive damages.

17

18                          **SIXTH CAUSE OF ACTION**
19   **STRICT PRODUCTS LIABILITY (FAILURE TO ADEQUATELY TEST)**
20                        **(Against All Defendants)**

21     64.    Plaintiff incorporates by reference, as if fully set forth herein, each
22 and every allegation set forth in the preceding paragraphs and further alleges as
23 follows:

24     65.    Defendants designed, manufactured, tested, marketed and distributed
25 into the stream of commerce the ASR Hip Implant Devices.

26     66.    Defendants advised consumers that the ASR Hip Implant Devices
27 were safe and effective hip replacement devices. Defendants failed to adequately
28 test the ASR Hip Implant Devices to ensure that they would not fail early thereby

1  giving rise to unnecessary physical injury, pain and suffering, debilitation, and the
2  need for a revision surgery to replace the device with the attendant risks of
3  complications and death from such further surgery.

4      67.    Had Defendants adequately tested the ASR Hip Implant Devices and
5  disclosed the results of those tests to the public, Plaintiff would not have elected to
6  have the ASR Hip Implant Devices surgically implanted.

7      68.    As a direct and proximate result of Defendants' placement of the
8  defective ASR Hip Implant Devices into the stream of commerce, Plaintiff has
9  suffered significant damages, including but not limited to physical injury,
10 economic loss, pain and suffering, and the need for further surgery to replace the
11 faulty device, and will continue to suffer such damages in the future.

12     69.    In taking the actions and omissions that caused these damages,
13 Defendants were guilty of malice, oppression and fraud, and Plaintiff is therefore
14 entitled to recover punitive damages.

15
16                       **SEVENTH CAUSE OF ACTION**
17                     **BREACH OF EXPRESS WARRANTY**
18                            **(Against All Defendants)**

19     70.    Plaintiff incorporates by reference, as if fully set forth herein, each
20 and every allegation set forth in the preceding paragraphs and further alleges as
21 follows:

22     71.    Defendants designed, manufactured, tested, marketed and distributed
23 into the stream of commerce the ASR Hip Implant Devices.

24     72.    Defendants expressly warranted that the ASR Hip Implant Devices
25 were safe and effective hip replacement systems.

26     73.    The ASR Hip Implant Devices placed into the stream of commerce
27 by Defendants did not conform to these express representations because they
28 failed early thereby giving rise to unnecessary physical injury, pain and suffering,

**Class Action Complaint**

- 20 -

1  debilitation, and the need for a revision surgery to replace the device with the
2  attendant risks of complications and death from such further surgery.

3      74.    As a direct and proximate result of Defendants' breach of express
4  warranties regarding the safety and effectiveness of the ASR Hip Implant Devices,
5  Plaintiff has suffered significant damages, including but not limited to physical
6  injury, economic loss, pain and suffering, and the need for further surgery to
7  replace the faulty device, and will continue to suffer such damages in the future.

8      75.    In taking the actions and omissions that caused these damages,
9  Defendants were guilty of malice, oppression and fraud, and Plaintiff is therefore
10 entitled to recover punitive damages.

11

12                                     **EIGHTH CAUSE OF ACTION**

13    **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
14                       **(Against All Defendants)**

15     76.    Plaintiff incorporates by reference, as if fully set forth herein, each
16 and every allegation set forth in the preceding paragraphs and further alleges as
17 follows:

18     77.    Defendants designed, manufactured, tested, marketed and distributed
19 into the stream of commerce the ASR Hip Implant Devices.

20     78.    At the time Defendants designed, manufactured, tested, marketed and
21 distributed into the stream of commerce the ASR Hip Implant Devices,
22 Defendants knew the use for which the ASR Hip Implant Devices were intended,
23 and impliedly warranted the ASR Hip Implant Devices to be of merchantable
24 quality and safe for such use.

25     79.    Plaintiff reasonably relied upon the skill and judgment of Defendants
26 as to whether the ASR Hip Implant Devices was of merchantable quality and safe
27 for its intended use.

28

**Class Action Complaint**

- 21 -

80.   Contrary to Defendants' implied warranties, the ASR Hip Implant Devices was not of merchantable quality or safe for its intended use, because the ASR Hip Implant Devices were unreasonably dangerous as described above.

81.   As a direct and proximate result of Defendants' breach of implied warranties regarding the safety and effectiveness of the ASR Hip Implant Devices, Plaintiff has suffered significant damages, including but not limited to physical injury, economic loss, pain and suffering, and the need for further surgery to replace the faulty device, and will continue to suffer such damages in the future.

82.   In taking the actions and omissions that caused these damages, Defendants were guilty of malice, oppression and fraud, and Plaintiff is therefore entitled to recover punitive damages.

## NINTH CAUSE OF ACTION
## FRAUDULENT CONCEALMENT
### (Against All Defendants)

83.   Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

84.   Defendants had a duty to inform Plaintiff of all material facts about the ASR Hip Implant Devices based upon their assumption of that responsibility by representing to consumers that the ASR Hip Implant Devices were safe and effective hip replacement systems.

85.   Since 2008, Defendants have had actual knowledge that the ASR Hip Implant Devices could fail early thereby giving rise to unnecessary pain and suffering, debilitation, and the need for a revision surgery to replace the device with the attendant risks of complications and death from such further surgery.

86.   The fact that the ASR Hip Implant Devices could fail early thereby giving rise to unnecessary pain and suffering, debilitation, and the need for a

**Class Action Complaint**

- 22 -

1   revision surgery to replace the device with the attendant risks of complications
2   and death from such further surgery was, and is, a material fact.

3        87.    Defendants failed to disclose this material fact to consumers,
4   including Plaintiff and Class Members. Instead, Defendants took affirmative steps
5   to prevent physicians and consumers from learning of this material fact, while
6   aggressively marketing the ASR Hip Implant Devices as safe and effective hip
7   replacement systems. This concealment was done with the intent to induce
8   Plaintiff and Class Members to purchase the ASR Hip Implant Devices so that
9   their physicians could surgically implant the devices into Plaintiff and Class
10   Members.

11       88.    In reliance on Defendants' fraudulent concealment of a material fact,
12   Plaintiff and Class Members purchased the ASR Hip Implant Devices so that their
13   physicians could surgically implant the devices into Plaintiff and Class Members.
14   Had Plaintiff and Class Members known that the ASR Hip Implant Devices could
15   fail early thereby giving rise to unnecessary physical injury, pain and suffering,
16   debilitation, and the need for a revision surgery to replace the device with the
17   attendant risks of complications and death from such further surgery, they would
18   not have purchased or consumed the ASR Hip Implant Devices.

19       89.    As a result of Defendants' unlawful and fraudulent concealment of
20   the effects of the ASR Hip Implant Devices, the running statute of limitations has
21   been suspended with respect to claims that Plaintiff has brought or could bring.
22   Plaintiff had no knowledge of Defendants' unlawful conduct, or of any of the facts
23   that might have led to the discovery of Defendants' wrongdoing, until shortly
24   before this Class Action Complaint was filed when notice of the recall was sent.

25       90.    As a direct and proximate result of Defendants' fraudulent
26   concealment of the effects of the ASR Hip Implant Devices, Plaintiff has suffered
27   significant damages, including but not limited to physical injury, economic loss,

28

pain and suffering, and the need for further surgery to replace the faulty device, and will continue to suffer such damages in the future.

91.    In taking the actions and omissions that caused these damages, Defendants were guilty of malice, oppression and fraud, and Plaintiff is therefore entitled to recover punitive damages.

## TENTH CAUSE OF ACTION
## INTENTIONAL MISREPRESENTATION
### (Against All Defendants)

92.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

93.    Since at least 2008, Defendants have had actual knowledge that the ASR Hip Implant Devices could fail early thereby giving rise to unnecessary pain and suffering, debilitation, and the need for a revision surgery to replace the device with the attendant risks of complications and death from such further surgery.

94.    The fact that the ASR Hip Implant Devices could fail early thereby giving rise to unnecessary pain and suffering, debilitation, and the need for a revision surgery to replace the device with the attendant risks of complications and death from such further surgery was, and is, a material fact.

95.    Defendants knowingly and intentionally made false representations of material fact to Plaintiff and Class Members, including but not limited to claims that the ASR Hip Implant Devices were safe and effective hip replacement systems. For example, Defendants claimed that the device was based on a "strong clinical history", and that the devices would allow patients to "return to their more active lifestyles."

96.     These representations were made with the intent to induce Plaintiff and Class Members to obtain the ASR Hip Implant Devices.

97.     In reliance on Defendants' misrepresentations of material fact, Plaintiff and Class Members obtained the ASR Hip Implant Devices. Had Plaintiff and Class Members known that the ASR Hip Implant Devices could fail early thereby giving rise to unnecessary pain and suffering, debilitation, and the need for a revision surgery to replace the device with the attendant risks of complications and death from such further surgery, they would not have elected to obtain an ASR Hip Implant Device.

98.     As a result of Defendants' intentional misrepresentations regarding the effects of the ASR Hip Implant Device, the running statute of limitations has been suspended with respect to claims that Plaintiff has brought or could bring. Plaintiff had no knowledge of Defendants' unlawful conduct, or of any of the facts that might have led to the discovery of Defendants' wrongdoing, until shortly before this Class Action Complaint was filed when notice of the recall was sent.

99.     As a direct and proximate result of Defendants' intentional misrepresentations, including but not limited to claims that the ASR Hip Implant Device was safe for use, Plaintiff has suffered significant damages, including but not limited to physical injury, economic loss, pain and suffering, and the need for further surgery to replace the faulty device, and will continue to suffer such damages in the future.

100.    In taking the actions and omissions that caused these damages, Defendants were guilty of malice, oppression and fraud, and Plaintiff is therefore entitled to recover punitive damages.

## ELEVENTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION
### (Against All Defendants)

1    101.   Plaintiff incorporates by reference, as if fully set forth herein, each
2  and every allegation set forth in the preceding paragraphs and further alleges as
3  follows:

4    102.   Since at least 2008, Defendants have had actual knowledge that the
5  ASR Hip Implant Devices could fail early thereby giving rise to unnecessary pain
6  and suffering, debilitation, and the need for a revision surgery to replace the
7  device with the attendant risks of complications and death from such further
8  surgery.

9    103.   The fact that the ASR Hip Implant Devices could fail early thereby
10  giving rise to unnecessary pain and suffering, debilitation, and the need for a
11  revision surgery to replace the device with the attendant risks of complications
12  and death from such further surgery was, and is, a material fact.

13    104.   Defendants recklessly and/or negligently made false representations
14  of material fact to Plaintiff and Class Members, including but not limited to claims
15  that the ASR Hip Implant Devices were safe and effective hip replacement
16  systems. For example, Defendants claimed that the device was based on a "strong
17  clinical history", and that the devices would allow patients to "return to their more
18  active lifestyles."

19    105.   These representations were made with the intent to induce Plaintiff to
20  obtain the ASR Hip Implant Devices.

21    106.   In reliance on Defendants' misrepresentations of material fact,
22  Plaintiff and Class Members obtained the ASR Hip Implant Devices. Had
23  Plaintiff and Class Members known that the ASR Hip Implant Devices could fail
24  early thereby giving rise to unnecessary pain and suffering, debilitation, and the
25  need for a revision surgery to replace the device with the attendant risks of
26  complications and death from such further surgery, they would not have elected to
27  obtain an ASR Hip Implant Device.

28

**Class Action Complaint**

- 26 -

107. As a result of Defendants' reckless and/or negligent misrepresentations regarding the effects of the ASR Hip Implant Devices, the running statute of limitations has been suspended with respect to claims that Plaintiff has brought or could bring. Plaintiff had no knowledge of Defendants' unlawful conduct, or of any of the facts that might have lead to the discovery of Defendants' wrongdoing, until shortly before this Class Action Complaint was filed when notice of the recall was sent.

108. As a direct and proximate result of Defendants' reckless and/or negligent misrepresentations, including but not limited to claims that the ASR Hip Implant Devices was safe for use, Plaintiff has suffered significant damages, including but not limited to physical injury, economic loss, pain and suffering, and the need for further surgery to replace the faulty device, and will continue to suffer such damages in the future.

109. In taking the actions and omissions that caused these damages, Defendants were guilty of malice, oppression and fraud, and Plaintiff is therefore entitled to recover punitive damages.

## TWELFTH CAUSE OF ACTION

### UNLAWFUL, UNFAIR AND FRAUDULENT BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ*

#### (Against All Defendants)

110. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

111. California's Unfair Competition Law (UCL) creates a cause of action for those harmed by unfair competition, which includes "any unlawful, unfair or

1  fraudulent business act or practice and unfair, deceptive, untrue or misleading
2  advertising."

3      112.    Defendants, and each of them, have made numerous
4  misrepresentations to Plaintiff, Class Members, and the general public.  Among
5  these misrepresentations are Defendants' claims that the ASR Hip Implant Devices
6  were safe and effective hip replacement systems.  For example, Defendants
7  claimed that the device was based on a "strong clinical history", and that the
8  devices would allow patients to "return to their more active lifestyles."

9      113.    Defendants have made numerous misleading omissions, including
10  their failure to disclose to Plaintiff, Class Members, and the general public the
11  results of research showing that that the ASR Hip Implant Devices could fail early
12  thereby giving rise to unnecessary pain and suffering, debilitation, and the need for
13  a revision surgery to replace the device with the attendant risks of complications
14  and death from such further surgery

15      114.    Defendants' business practices relating to the ASR Hip Implant
16  Devices are unlawful because they constitute, *inter alia,* false advertising,
17  intentional misrepresentation and fraudulent concealment.  Indeed, Defendants
18  were recently criticized in a warning letter by the F.D.A. for not seeking approval
19  before marketing a hip implant device for an unapproved use.

20      115.    As a direct and proximate result of Defendants' unlawful business
21  practices and false advertising, Plaintiff has suffered significant damages,
22  including but not limited to physical injury and actual loss of money or property,
23  and will continue to suffer such damages in the future.

24      116.    Plaintiff and other Class Members seek an order of this Court
25  awarding damages, restitution, disgorgement, injunctive relief, attorneys' fees and
26  costs, and all other relief allowed under California Business and Professions Code
27  §17200, *et seq.*

28

**Class Action Complaint**

- 28 -

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the class they represent pray for the following relief:

A.    Judgment in favor of Plaintiff and against all Defendants, for damages in such amounts as may be proven at trial;

B.    Compensation for both economic and non-economic losses, including but not limited to medical expenses, loss of earnings, loss of consortium, disfigurement, pain and suffering, mental anguish and emotional distress, in such amounts as may be proven at trial;

C.    Punitive and/or exemplary damages in such amounts as may be proven at trial;

D.    Restitution and disgorgement of all revenue that Defendants have obtained through the manufacture, marketing, sale and administration of the ASR Hip Implant Devices;

E.    Attorneys' fees and costs;

F.    Pre- and postjudgment interest; and

G.    Any and all further relief, both legal and equitable, that the Court may deem just and proper.

Dated: August 30, 2010

Dana B. Taschner
dbt@lanierlawfirm.com
Lee A. Cirsch
lec@lanierlawfirm.com
LANIER LAW FIRM, PC
2049 Century Park East, Suite 1940
Los Angeles, CA 90067
Ph: (310) 277-5100
Fax: (310) 277-5103

**Class Action Complaint**

W. Mark Lanier
wml@lanierlawfirm.com
LANIER LAW FIRM, PC
6810 FM 1960 West
Houston, Texas 77069
Phone: (713) 659-5200
Fax: (713) 659-2204

## JURY DEMAND

Plaintiffs and the class they represent demand a trial by jury.

Dana B. Taschner
Lee A. Cirsch
LANIER LAW FIRM, PC

**Class Action Complaint**

- 30 -