UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: DePUY ORTHOPAEDICS, INC., ASR HIP IMPLANT
PRODUCTS LIABILITY LITIGATION                                                MDL No. 2197

**TRANSFER ORDER**

**Before the Panel**[*]: Five motions are currently pending before the Panel, pursuant to 28 U.S.C. § 1407, seeking centralization of this litigation in the Southern District of Texas or the Northern District of Alabama. Defendants[1] support centralization of all cases involving an ASR XL Acetabular Hip System in the Northern District of Indiana, the Northern District of Ohio, or the District of New Jersey.

Responding plaintiffs in various potential tag-along actions also propose centralization in the following districts: the Central and the Northern Districts of California, the Middle District of Florida, the Central and Northern Districts of Illinois, the Western District of Kentucky, the Eastern and Western Districts of Louisiana, the District of Massachusetts, the Eastern District of Michigan, the Eastern District of New York, the District of South Carolina, and the Middle District of Tennessee.

The only plaintiff to oppose centralization does so only with respect to her action pending in the District of Maryland (*Bloom*), purportedly because she did not receive an ASR XL Acetabular Hip System. Additionally, *amicus curiae* law firm Fleming & Associates (Fleming) requests centralization of the litigation only if the Panel imposes time limits on the centralized proceedings of twelve to eighteen months; without time limits, Fleming opposes centralization.

This litigation currently consists of eight actions pending as follows: an action each in the Northern and Middle Districts of Alabama, the Northern District of California, the Eastern District

---

[*] Judge John G. Heyburn II did not participate in the decision of this matter due to ownership of shares in one of the defendants. Judge Kathryn H. Vratil also did not participate in the decision of this matter.

[1] DePuy Orthopaedics, Inc. (DePuy); and Johnson & Johnson Services, Inc., and Johnson & Johnson.

- 2 -

of Kentucky, the Northern District of Illinois, the District of Maryland, the Northern District of Mississippi, and the District of Utah, as listed on Schedule A.[2]

On the basis of the papers filed and the hearing session held, we find that seven of these eight actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions share factual issues as to whether DePuy's ASR XL Acetabular Hip System, a device used in hip replacement surgery, was defectively designed and/or manufactured, and whether DePuy failed to provide adequate warnings concerning the device, which DePuy recalled along with another ASR device,[3] the ASR Hip Resurfacing System,[4] in August 2010. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings on discovery and other issues, and conserve the resources of the parties, their counsel and the judiciary.

There is some doubt as to whether two actions – the Northern District of Illinois *Fitzgerald* and the District of Utah *Williams* actions – involve DePuy ASR hip implant components. The complaints in the two actions are ambiguous, and briefing by the parties did not resolve the ambiguity. Moreover, the parties also disagree – responding plaintiffs broadly asserted that all actions on the motions for centralization involve recalled DePuy hip implant components, while DePuy asserted otherwise as it pertains to these two actions. We are unwilling, based on the opaque record before us, to conclude that these two actions warrant exclusion from the centralized proceedings. We encourage the transferee judge to scrutinize whether plaintiffs in these actions received an ASR hip implant component. If the transferee judge discovers that a recalled DePuy ASR hip implant component is in fact not at issue in any transferred action, then we encourage him to consider promptly suggesting to the Panel Section 1407 remand of such actions to the transferor court. *See* Rule 10.1, R.P.J.P.M.L.; *In re ClassicStar Mare Lease Litig.*, 528 F.Supp.2d 1345, 1347 (J.P.M.L. 2007).

Plaintiff in the District of Maryland *Bloom* action opposes centralization of her action on the grounds that she did not receive a recalled DePuy hip implant. DePuy agrees. Accordingly, given the agreement of the parties regarding this essential fact, we decline to centralize this unrelated action.

---

[2] An additional action pending in the Middle District of Florida (*Margenau*) was included on the initial motion for centralization but was later dismissed. Further, the Panel has been notified of 105 additional related actions. Those actions and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1 and 7.2, R.P.J.P.M.L.

[3] "ASR" is an acronym for "articular surface replacement."

[4] The parties disagree as to whether claims relating to the ASR Hip Resurfacing System should be included in the centralized proceedings. We need not decide this issue now because no party has asserted that the ASR Hip Resurfacing System is involved in any of the eight actions currently before the Panel.

- 3 -

We reject Fleming's request to limit the length of pretrial proceedings. We have long held that the Panel "has neither the power nor the inclination to dictate in any way the manner in which transferee judges supervise actions pending before them." *See In re: Fair Food Sec. Litig.*, 465 F.Supp. 1301, 1305 n.3 (J.P.M.L 1979) (citing *In re: Westinghouse Elect. Corp. Uranium Contract Litig.*, 436 F.Supp. 990, 996 (J.P.M.L.1977); *In re: Plumbing Fixture Cases*, 298 F.Supp. 484, 489 (J.P.M.L.1968)). Such a request is more properly addressed to the transferee judge. *Id.* Fleming offered nothing in its brief or at oral argument to persuade us to revisit this sound approach.

We conclude that the Northern District of Ohio is an appropriate transferee district for pretrial proceedings in this litigation. Several potential tag-along actions are already pending in this geographically accessible district, which enjoys the support of defendants and several plaintiffs. Additionally, Judge David A. Katz is an experienced transferee judge with the time and experience necessary to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable David A. Katz for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that centralization of the action listed on Schedule B is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
David R. Hansen
Acting Chairman

W. Royal Furgeson, Jr.          Frank C. Damrell, Jr.
Barbara S. Jones                Paul J. Barbadoro

I hereby certify that this instrument is a true and
correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio
By: s/R Schumitsh
Deputy Clerk

**IN RE: DePUY ORTHOPAEDICS, INC., ASR HIP IMPLANT
PRODUCTS LIABILITY LITIGATION**        MDL No. 2197

## SCHEDULE A

<u>Middle District of Alabama</u>

Grace Jackson v. Depuy Orthopaedics, Inc. et al., C.A. No. 2:10-00931

<u>Northern District of Alabama</u>

Cresha Moore v. Depuy Orthopaedics, Inc. et al., C.A. No. 4:10-02945

<u>Northern District of California</u>

Maurice Brigham v. DePuy Orthopaedics, Inc., et al., C.A. No. 3:10-3886

<u>Eastern District of Kentucky</u>

Joseph A. Jones v. Depuy Orthopaedics, Inc., C.A. No. 5:10-00374

<u>Northern District of Illinois</u>

Patrick Joseph Fitzgerald v. DePuy Orthopaedics, Inc., et al., C.A. No. 1:10-4822

<u>Northern District of Mississippi</u>

Pamela Lackey v. Depuy Orthopaedics, Inc. et al., C.A. No. 1:10-00258

<u>District of Utah</u>

Hilda Frances Williams, et al. v. DePuy Orthopaedics, et al., C.A. No. 2:10-691

**IN RE: DePUY ORTHOPAEDICS, INC., ASR HIP IMPLANT
PRODUCTS LIABILITY LITIGATION**          MDL No. 2197


**SCHEDULE B**


<u>District of Maryland</u>

Sandra Bloom v. DePuy Orthopaedics, Inc., C.A. No. 1:10-2170